**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of James Ghia    }
                        }
                        }     Docket No.  31-2-03
                        }     Vtec
                        }
                        }

Decision and Order on Motion to Alter or Amend

This Court issued its Decision and Judgment Order on the merits of this on-the-record appeal on November 19, 2003. Appellant James Ghia is represented by Martin Nitka, Esq.; the Town[1] of Ludlow is represented by J. Christopher Callahan, Esq. Appellant has moved to alter or amend the judgment order.

Before we reach Appellant= s motion, we must correct a typographical error in the Court= s decision: In the last sentence of the first (partial) paragraph on page 7 of that decision, the date should have been >1987' rather than >1997.= To avoid confusion in future readers of that decision, we will correct that error in the electronic version of that decision before it is made available to the public. We will also correct the paper copies on file at the Court, noting that that change was made as a result of today= s order.

Appellant argues that the issue of whether the project was commenced within the 120-day-period required by ' 225 and its unappealed conditional use permit was not before the Court. A fair reading of Question 3 of the Statement of Questions, however, shows that Appellant brought the question of commencement of construction squarely before the Court in this case.

Appellant argues that the finding that construction was not commenced on the initial group of twelve units (three buildings) until 1987 at the earliest is not supported in the record as a whole. In support of this argument Appellant adduces an additional affidavit, not presented to the DRB and not part of the record, asserting that the foundations of the first three buildings were dug and the footings for them were poured in July of 1985, although those buildings were not completed until between 1987 and 1989.

Unfortunately for Appellant= s argument, because this is an on-the-record appeal, any additional evidence must be presented initially to the DRB before the Court could consider it. Appellant remains free to move the DRB to reopen and reconsider its decision, and to allow Appellant to present to it this additional evidence. But that evidence cannot be considered for the first time by the Court.

All that the Court had before it in this particular case was the evidence that was before the DRB when it made its decision. Based on that evidence, which is described in the November 19, 2003 decision and order, we decline to alter or amend the decision and order or the associated judgment order. We do note, for the guidance of the parties, that the Court= s decision was and is without prejudice to any decision the DRB may make in the future to reopen its hearing and take further evidence. We also note that any decision which it may make on the basis of the additional evidence would be subject to a future appeal that would be a new appeal, not a reopening of the present appeal.

Accordingly, Appellant= s motion to alter or amend is DENIED.

Done at Barre, Vermont, this 31st day of December, 2003.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1.]   Despite discussions in pretrial conferences and footnote 2 to that order, Attorney Callahan persists in filing legal memoranda on behalf of the "Ludlow Town and Village Development Review Board," even though he entered his appearance properly on behalf of the "Town and Village of Ludlow." As we noted in that footnote, the only proper municipal party under 24 V.S.A. § 4464(b)(2) is the municipality itself, not the administrative body whose decision is being appealed.